**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ESWIN GONZALEZ-HERNANDEZ,

        Petitioner,

v.                                    CIVIL ACTION NO.  2:26-cv-00179

LEONARD ODDO, et al.,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Document 1), wherein the Petitioner challenges his current physical custody and asserts that venue is proper in this District and requests that this Court order his release.  For the reasons stated herein, the Court finds that venue is not proper in this court and that the case should be transferred to the Western District of Pennsylvania.

The Petitioner, Eswin Gonzalez-Hernandez, a citizen of Guatemala, who most recently resided in Pennsylvania, entered the United States on a work visa in May 2024.  He was arrested on February 26, 2026, on Interstate 64 when the vehicle, in which he was a passenger, was stopped by a law enforcement officer. He was taken to Western Regional Jail in Barboursville, West Virginia.  The following morning, on February 27, 2026, the Petitioner was taken to the ICE processing center in Poca, West Virginia, and subsequently taken to South Central Regional Jail (SCRJ).  That same day, after the West Virginia Department of Corrections and Rehabilitation (WVDCR) declined to accept the Petitioner at Northern Regional Jail (NRJ), he was transferred

by ICE to Moshannon Valley Processing Center (MVPC) in Philipsburg, Pennsylvania, located in the Western District of Pennsylvania, where he is currently detained.  Following his detention at MVPC, the Petitioner filed his Petition for Writ of Habeas Corpus in this District on March 6, 2026.[1]

Under the habeas statute, "[w]rits of habeas corpus may be granted by. . . the district courts. . . within their respective jurisdictions."  28 U.S.C. § 2241(a)).   The Supreme Court in *Rumsfeld v. Padilla* 542 U.S. 426 (2024) identified two default rules under the habeas statute—the immediate custodian and district of confinement rules—that require a "petitioner seek[ing] to challenge his present physical custody. . . [to] name his warden as respondent and file the petition in the district of confinement."  542 U.S. 426, 447 (2004).  In *Padilla*, the Court also recognized three prior decisions in which it had applied exceptions to the default rules.  *See, e.g.*, *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 499 (1973) (permitting a petitioner challenging a Kentucky indictment that served as a basis for a detainer against him to file his habeas in Kentucky although he was confined in Alabama); *Ex part Endo*, 323 U.S. 283, 306 (1944) (holding that a district court retains jurisdiction if the habeas petition was filed before the petitioner was transferred from the district) and *Strait v. Laird*, 406 U.S. 341, 344-46 (allowing the petitioner, a nonactive duty reservist seeking his discharge, to name his "nominal custodian," who was his commanding officer, although his custodian was located in Indiana, rather than California where the petition was filed).

---

[1] The Petitioner named as the Respondents Leonard Oddo, Facility Administrator of MPC, John Rife, Field Office Director of the ICE Philadelphia Field Office, Todd M. Lyons, Acting Director of ICE, Kristi Noem, Secretary of Homeland Security, and Pamela Jo Bondi, United States Attorney General.

However, Justice Rehnquist, writing for the court in *Padilla*, noted that the court had made no such exception in cases where a petitioner was challenging his current physical confinement. In his concurring opinion, Justice Kennedy posed other potential exceptions ("[I]f there is an indication that the Government's purpose in removing a prisoner were to make it difficult for his lawyer to know where the habeas petition should be filed, or where the government was not forthcoming with respect to the identity of the custodian and the place of detention."). See *Padilla* at 454. The Petitioner here asks this Court to find an exception to the default rules set forth in *Padilla* arguing that he is currently being held in a privately owned and operated immigration processing center in Pennsylvania and that his transfer to that facility was for the purpose of evading the jurisdictional authority of this Court.

The district of confinement is the Western District of Pennsylvania. The Petitioner filed his Petition in this District on March 6, 2026, well after he was transferred to the Western District of Pennsylvania on February 27, 2026. It alleges that the Petitioner is detained at MVPC and names Mr. Oddo, the Facility Administrator, as a respondent. Thus, Petitioner's counsel was aware of his whereabouts at the time the Petition was filed. Further, at some point on February 27, 2026, the WVDCR refused to house the Petitioner. (Document 1-1) Although the Petitioner seeks to rely on exceptions identified in Justice Kennedy's concurrence in *Padilla*, and in *Suri v. Trump*, 785 F.Supp.3d 128 (E.D. Va. 2025) (finding exception applicable given that the petitioner was in the process of being transferred unbeknownst to his counsel when his petition was filed), based on the facts presented to this Court, the Court is unable to find that the Government tried to hide the Petitioner's whereabouts from his counsel, moved the Petitioner to evade this Court's

jurisdiction or any other facts that would support the application of an exception to the default rules established in *Padilla*.

Venue properly lies in the Western District of Pennsylvania. The Court finds that transfer of this case to the Western District of Pennsylvania, rather than dismissal, serves the interests of justice given the Petitioner's confinement in that district. See 28 U.S.C. 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that this matter be **TRANSFERRED** to the **Western District of Pennsylvania**. The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record, to any unrepresented party, and to the Western District of Pennsylvania

ENTER:        March 10, 2026

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

4